**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Scottsdale Surplus Lines Insurance Co.,** | : | |
| **Plaintiff,** | : | |
| v. | : | Case No. 2:19-cv-3441 |
| **King Tut, Inc.,** *et al.*, | : | **JUDGE SARAH D. MORRISON** |
| | : | **MAGISTRATE JUDGE VASCURA** |
| **Defendants.** | : | |

**ORDER**

Plaintiff Scottsdale Surplus Lines Insurance Company's January 27, 2020 Amended Complaint seeks a declaratory judgment that it has no duty to defend and/or indemnify defendants in a "pending" state court case pursuant to the assault and/or battery inclusion in the relevant insurance policy. (Doc. No. 42 at ¶ 1.) Scottsdale asserts that this Court has jurisdiction over the matter pursuant to the diversity statute, 28 U.S.C. § 1332(a)(1). *Id*. at ¶ 2. The Amended Complaint indicates that the parties are diverse and pleads that the amount in controversy is in excess of $75,000. *Id*. at ¶ 15.

"The burden of establishing the existence of subject matter jurisdiction, by a preponderance of the evidence, rests with the party invoking jurisdiction." *Teck L. Yu v. Miami Valley Hosp*., No. 3:19-cv-23, 2019 U.S. Dist. LEXIS 41144, at *2 (S.D. Ohio Mar. 14, 2019) (citation omitted). The Court may *sua sponte* raise the existence of subject matter jurisdiction at any time. *Cmty. Health Plan of Ohio v. Mosser*, 347 F.3d 619, 622 (6th Cir. 2003). Upon review of the docket, the Court has concerns that this matter is not ripe. "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Wayside Church v. Van Buren Cty*., 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Nat'l Rifle Ass'n of Am. v. Magaw*,

132 F.3d 272, 279 (6th Cir. 1997) (citing U.S. Const. Art. III, § 2)). "'Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.'" *Wayside*, 847 F.3d at 816 (quoting *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002) (quoting *Bigelow v. Mich. Dep't of Nat. Res.*, 970 F.2d 154, 157 (6th Cir. 1992)).

Here, the underlying state court matter was dismissed on November 15, 2019. Thus, there appears to be nothing for Scottsdale to defend and/or to possibly indemnify at this time. "'[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Kiser v. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Should jurisdictional prerequisites be satisfied, the Court has additional concerns about exercising jurisdiction in this instance. Scottsdale seeks interpretation of an insurance contract governed by Ohio law. The Amended Complaint does not specify the statute(s), whether federal, state or both, that Scottsdale seeks relief under. Assuming Scottsdale does so pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, review is discretionary even if the Court has subject matter jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The Court's recent decision in *Historic Basket, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 2:19-CV-5662, 2020 U.S. Dist. LEXIS 51500, at *3-5 (S.D. Ohio Mar. 25, 2020), enumerates the factors to be considered when weighing whether to exercise the power to review. One of those factors is whether the state court is in a better position than this Court to evaluate the factual issues. *Id.* at *5. This case, like *Historic Basket*, "centers solely on insurance contract interpretation." *Id.* "'[T]he issue of insurance contract interpretation' is a 'question[ ] of state law with which the . . . state courts are more familiar and, therefore, better able to resolve.'" *Id.* (quoting *Bituminous*

*Cas. Corp. v. J & L Lumber Co., Inc*., 373 F.3d 807, 814-15 (6th Cir. 2004)). "Courts 'question the need for . . . declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.'" *Historic Basket, LLC*, 2020 U.S. Dist. LEXIS 51500, at *6-7 (quoting *Am. Home Assurance Co. v. Evans*, 791 F.2d 61, 63 (6th Cir. 1986)).

      The Court **ORDERS** Scottsdale to brief the jurisdictional issues raised herein within fourteen (14) days of this Order. Defendants shall then have fourteen (14) days to respond. Those deadlines will not be extended. No reply will be permitted.

      Scottsdale is **WARNED** that failure to timely file a response to this Order will result in a dismissal of this case without prejudice.

      **IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISION**
**UNITED STATES DISTRICT JUDGE**